SUSAN L. WOLF, Plaintiff-Appellant, v. BLACK HAWK COLLEGE *et al.*, Defendants-Appellees.

Third District No. 3—94—0187

Opinion filed January 5, 1995.—Rehearing denied February 16, 1995.

Theresa L. Sosalla, of Anderson & Nelson, of Rock Island (Richard J. Trinrud, of counsel), for appellant.

Joan E. Gale, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (Ugne T. Adams, of counsel), for appellees Board of Trustees, Glenn A. Doyle, Hannelore Huisman, Charles Laws, Renee Long, Herbert C. Lyon, Thomas G. Miller, Karen E. Morris, Fred J. Peterson, Thomas Quayle, Steven Spivey, Clifford Ward, and Donald J. Wilske.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Susan Wolf, filed the instant suit against the defendants, Black Hawk College and various officers and trustees of the college (collectively, Black Hawk College) and the chair of the counselling and student affairs department at the college, Eugene Masters (Masters), alleging sexual battery, negligent supervision, psychological malpractice, professional misconduct, and violation of the Sexual Exploitation in Psychotherapy Act (Exploitation Act) (740 ILCS 140/0.01 *et seq.* (West 1992)). The trial court dismissed the plaintiff's claims against Black Hawk College based on various provi-

sions of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/1—101 *et seq.* (West 1992)) and further dismissed her claims against Masters based in part upon the Tort Immunity Act and in part upon the plaintiff's failure to file the appropriate affidavits pursuant to section 2—622 of the Code of Civil Procedure (Code) (735 ILCS 5/2—622 (West 1992)). We hold that a section 2—622 affidavit is not required to state a cause of action under the Exploitation Act. Therefore, we affirm in part, reverse in part and remand.

The most important of the issues raised by the plaintiff's appeal is whether an affidavit pursuant to section 2—622 of the Code is required in order to properly plead a cause of action pursuant to the Exploitation Act.

Section 2—622 of the Code provides that in any action in which the plaintiff seeks to recover on the basis of healing art malpractice, the plaintiff must attach to her complaint an affidavit which states that the plaintiff's claims have been reviewed by a health professional knowledgeable in the field and that health professional has determined that there is a reasonable and meritorious cause for filing the plaintiff's suit. (735 ILCS 5/2—622(a)(1) (West 1992).) The plaintiff in a malpractice action must prove that the defendant's acts did not conform to the standard of care, that is, that the defendant did not exercise the degree of skill, knowledge and care which a reasonable physician in the same community would have exercised under like circumstances. *Hirn v. Edgewater Hospital* (1980), 86 Ill. App. 3d 939, 408 N.E.2d 970.

The Exploitation Act outlines a cause of action available to patients when there has been sexual contact between a therapist and a patient which is not part of standard medical treatment. The purpose of the Act is to provide a remedy for those people whose mental or emotional condition makes them easy targets for sexual abuse by unscrupulous psychotherapists. See 85th Ill. Gen. Assem., House Proceedings, June 27, 1988, at 160.

The plaintiff bringing a cause of action under the Exploitation Act must prove that sexual contact occurred and that such contact was not part of standard medical treatment. However, alleging that an act is not part of standard medical treatment is not the same as alleging a failure to conform to the applicable standard of care. Therefore, actions brought under the Exploitation Act are not simply another variety of malpractice.

Inasmuch as section 2—622 applies only to actions for malpractice and we have determined that actions under the Exploitation Act are not actions for malpractice, we must conclude that section 2—622

does not apply to actions brought under the Exploitation Act. Therefore, the plaintiff's complaint cannot be dismissed for the failure to provide an affidavit pursuant to section 2—622. Consequently, we hold that the trial court erred in dismissing count VII of the plaintiff's second amended complaint.

The other issues raised by the plaintiff have been resolved in a portion of this opinion which is not being published pursuant to Supreme Court Rule 23 (see Official Reports Advance Sheet No. 15 (July 20, 1994), R. 23, eff. July 1, 1994). Consequently, the judgment of the trial court of Rock Island County is affirmed in part, reversed in part and remanded.

Affirmed in part; reversed in part and remanded.

SLATER, P.J., and McCUSKEY, J., concur.